■ Zakay Baruch, Appellant, v Nassau County et al., Defendants, and Village of Great Neck, Respondent. [20 NYS3d 425]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sher, J.), entered April 22, 2014, which denied his motion for leave to enter judgment on the issue of liability against the defendant Village of Great Neck upon that defendant's failure to appear or answer the complaint, and granted the cross motion of the defendant Village of Great Neck pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it as abandoned.

Ordered that the order is affirmed, with costs.

In August 2012, the plaintiff commenced this action to

recover damages for personal injuries against, among others, the Village of Great Neck, alleging that he was injured when he stepped on a defective manhole cover maintained by the Village, and it "flipped and went up on its side." The plaintiff served the Village with a summons and complaint on August 13, 2012, and the Village did not appear or answer the complaint. In December 2013, more than one year after the Village's default, the plaintiff moved for leave to enter judgment on the issue of liability against the Village upon its failure to appear or answer the complaint. The Village cross-moved pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it as abandoned. In an order entered April 22, 2014, the Supreme Court denied the motion and granted the cross motion.

Pursuant to CPLR 3215 (c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a defendant's] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, . . . unless sufficient cause is shown why the complaint should not be dismissed." "To establish 'sufficient cause,' the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (*Aurora Loan Servs., LLC v Hiyo*, 130 AD3d 763, 764 [2015]). " 'The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court' " (*Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749, 752 [2014], quoting *Giglio v NTIMP, Inc.*, 86 AD3d 301, 308 [2011]).

Here, it is undisputed that the plaintiff failed to move for leave to enter judgment within one year from the Village's default. Contrary to the plaintiff's contention, he failed to offer a reasonable excuse for his delay in so moving (*see* CPLR 3215 [c]). The excuse of law office failure proffered by the plaintiff was "vague, conclusory, and unsubstantiated" (*Mattera v Capric*, 54 AD3d 827, 828 [2008]; *see Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d at 752; *GMAC v Minewiser*, 115 AD3d 707, 708 [2014]). Moreover, the plaintiff's claim of law office failure was refuted by a letter written by his counsel in October 2012, showing that the plaintiff's counsel was aware of the Village's default at that time. Thus, the Supreme Court providently exercised its discretion in determining that the plaintiff did not provide a reasonable excuse for his failure to seek a default judgment within the one-year period.

The plaintiff's remaining contentions are without merit or need not be considered in light of our determination.

Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to enter judgment on the issue of liability against the Village upon its failure to appear or answer the complaint and granted the Village's cross motion pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it as abandoned. Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.