■ Residuary Trust Under Last Will and Testament of Robert Buchakian, by its Cotrustee, Lynn Pinajian Beylerian, Respondent, v Patricia A. Kuriga et al., Appellants. [28 NYS3d 724]—

In an action to recover upon a guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from an amended judgment of the Supreme Court, Nassau County (Bruno, J.), entered February 26, 2014, which is in favor of the plaintiff and against the defendants Frank Dellasperanza and Patricia Dellasperanza in the principal sum of $50,000.

Ordered that the appeal by the defendant Patricia A. Kuriga is dismissed, as she is not aggrieved by the amended judgment appealed from (see CPLR 5511); and it is further,

Ordered that the amended judgment is affirmed on the appeal by the defendants Frank Dellasperanza and Patricia Dellasperanza, with costs.

On July 1, 2007, the plaintiff, as landlord, and Nikki's Dressing Room, Ltd. (hereinafter the tenant), as tenant, entered into a commercial lease with respect to certain premises in Huntington. The tenant's principal, the defendant Patricia A. Kuriga, and her parents, the defendants Frank Dellasperanza and Patricia Dellasperanza (hereinafter together the Dellasperanzas), unconditionally guaranteed the performance of the tenant's obligations under the lease, up to a maximum amount of $50,000.

In subsequent nonpayment proceedings commenced against the tenant in the District Court of Suffolk County, the plaintiff obtained two money judgments against the tenant, dated September 24, 2012, and December 13, 2012, respectively. The plaintiff then commenced this action to recover upon the guaranty by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. Insofar as relevant to this appeal, the Supreme Court entered the amended judgment appealed from against the Dellasperanzas after their default in opposing the plaintiff's motion for summary judgment, and upon denying the Dellasperanzas' subsequent motion, inter alia, pursuant to CPLR 5015 (a) (1) to vacate their default.

A defendant is entitled to relief from a default pursuant to CPLR 5015 (a) (1) only upon a showing of "both a reasonable excuse for the default and a potentially meritorious defense" (Scott v Ward, 130 AD3d 903, 904 [2015]).

Here, the Dellasperanzas have failed to proffer any reasonable excuse for their default. The fact that Kuriga had filed for protection under the federal bankruptcy laws neither precluded the action from going forward against the Dellasperanzas, nor provided any reasonable excuse for the Dellasperanzas' failure to submit opposing papers (see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Oxford Venture Partners, LLC, 13 AD3d 89

[2004]). Moreover, their allegations of law office failure, which attempted to lay blame upon Kuriga's bankruptcy attorney, were conclusory and unsubstantiated by anyone having personal knowledge of the relevant facts (*see Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789 [2011]).

The Dellasperanzas' remaining contentions are without merit. Mastro, J.P., Chambers, Roman and Barros, JJ., concur.