T. MINA SUPPLY, INC., et al., Plaintiffs, v CLEMENTE BROS. CONTRACTING CORP. et al., Defendants, NEW YORK CITY DEPARTMENT OF DESIGN AND CONSTRUCTION, Respondent, and INTERNATIONAL FIDELITY INSURANCE COMPANY, Appellant. (And a Third-Party Action.) [30 NYS3d 839]—

In a consolidated action, inter alia, to foreclose mechanic's liens, the defendant International Fidelity Insurance Company appeals (1) from an order of the Supreme Court, Queens County (Sampson, J.), entered July 26, 2013, which granted that branch of the unopposed motion of the defendant New York City Department of Design and Construction which was pursuant to CPLR 3211 (a) to dismiss its cross claims against

that defendant, and (2), as limited by its brief, from so much of an order of the same court entered August 5, 2013, as denied that branch of its motion which was, in effect, pursuant to CPLR 2004 to extend the time to submit opposition papers to the motion of the defendant New York City Department of Design and Construction pursuant to CPLR 3211 (a) to dismiss its cross claims against that defendant.

Ordered that the appeal from the order entered July 26, 2013, is dismissed; and it is further,

Ordered that the order entered August 5, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant New York City Department of Design and Construction.

The defendant International Fidelity Insurance Company (hereinafter International) did not submit papers to the Supreme Court in opposition to the motion of the defendant New York City Department of Design and Construction (hereinafter the DDC) pursuant to CPLR 3211 (a) to dismiss International's cross claims against it, and the motion was granted on default. No appeal lies from an order or judgment granted upon the default of the appealing party (*see* CPLR 5511; *Yuan v Kaplan*, 129 AD3d 714, 714 [2015]; *Reynolds v Haiduk*, 120 AD3d 656, 656 [2014]). Since the order entered July 26, 2013, was entered upon International's failure to oppose the motion, the appeal from that order must be dismissed (*see Yuan v Kaplan*, 129 AD3d at 714; *HCA Equip. Fin., LLC v Mastrantone*, 118 AD3d 850, 851 [2014]).

CPLR 2004 provides that, "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." In exercising its discretion to grant an extension of time pursuant to CPLR 2004, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the party opposing the motion (*see Tewari v Tsoutsouras*, 75 NY2d 1, 11-12 [1989]; *Blay v Frost*, 126 AD3d 659, 660 [2015]; *Siracusa v Fitterman*, 110 AD3d 1055, 1056 [2013]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of International's motion which was, in effect, pursuant to CPLR 2004 to extend its time to submit opposition papers to the DDC's motion (*cf. Associates First Capital v Crabill*, 51 AD3d 1186, 1187-1188 [2008]). Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.