■ U.S. Bank, National Association, Appellant, v Jeanine Dorvelus et al., Defendants. [32 NYS3d 631]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Scheinkman, J.), dated June 15, 2015, which denied its motion pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated March 1, 2013, sua sponte directing the dismissal of the complaint as abandoned pursuant to CPLR 3215 (c).

Ordered that the order dated June 15, 2015, is affirmed, without costs or disbursements.

On February 23, 2005, Mortgage Lenders Network USA, Inc., loaned the sum of $254,750 to the defendants Jeanine Dorvelus and Aline Dorvelus (hereinafter together the defendants). The loan was evidenced by a 30-year, fixed-rate note executed by the defendants, and the note was secured by a mortgage also signed by the defendants which encumbered certain real property located in New Rochelle. In September 2011, after obtaining the note and mortgage, the plaintiff commenced this action to foreclose the mortgage, alleging that the defendants had defaulted in their payment obligations as of January 1, 2007. In October 2011, the defendants were served with the summons and complaint and related documents. They failed to answer, appear, or otherwise move with respect to the complaint. The plaintiff filed a request for judicial intervention and appeared by counsel for a conference in the Foreclosure Settlement Conference Part (hereinafter the FSCP) on December 9, 2011. The defendants failed to appear, and the conference was adjourned to January 26, 2012. At the conclusion of the conference on January 26, 2012, at which the plaintiff appeared by new counsel and the defendants again failed to appear, the action was released from the FSCP and adjourned to December 12, 2012. On that date, the plaintiff had not taken any proceedings for the entry of a default judgment, and the Court Attorney Referee adjourned the action to February 28, 2013, and warned the plaintiff's counsel that the complaint could be dismissed as abandoned on the adjourned date if the plaintiff did not demonstrate sufficient cause not to dismiss it. On February 28, 2013, the plaintiff still had not taken any proceedings for the entry of a default judgment. In an order dated March 1, 2013, the Supreme Court, sua sponte, directed the dismissal of the complaint as abandoned pursuant to CPLR 3215 (c). In March 2015, two months after retaining new counsel, and two years after the court directed the dismissal of the complaint, the plaintiff moved pursuant to CPLR 5015 (a) (1) to vacate the order dated March 1, 2013. The court denied the motion.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion to vacate the order dated March 1, 2013. Although the defendants defaulted in November 2011, any motions in the action were held in abeyance while settlement conferences were pending in the FSCP (*see* 22 NYCRR 202.12-a [c] [7]). However, even after the action was released from the FSCP on January 26, 2012, the plaintiff failed to take proceedings for a default judgment, resulting in the dismissal of the complaint as abandoned over one year later. Therefore, in seeking to vacate the order dated March 1, 2013, which directed the dismissal of the complaint as abandoned pursuant to CPLR 3215 (c), the plaintiff was required to demonstrate a reasonable excuse for its delay in seeking a default judgment and a potentially meritorious cause of action (*see* CPLR 5015 [a] [1]; *Thomas v Avalon Gardens Rehabilitation & Health Care Ctr.*, 107 AD3d 694 [2013]). The determination of whether an excuse is reasonable is committed to the sound discretion of the motion court (*see Baruch v Nassau County*, 134 AD3d 658, 659 [2015]; *Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749, 752 [2014]). Here, the plaintiff's assertions that it did not take any proceedings for entry of judgment within one year after the defendants' default due to law office failure occasioned by the dissolution of the law firm originally representing it, combined with delays caused by Hurricane Sandy in 2012, were conclusory and unsubstantiated, and did not rise to the level of a reasonable excuse (*see Bank of N.Y. Mellon v Colucci*, 138 AD3d 1047, 1047-1048 [2016]; *Buchakian v Kuriga*, 138 AD3d 711, 712-713 [2016]; *Baruch v Nassau County*, 134 AD3d at 659; *Ryant v Bullock*, 77 AD3d 811, 812 [2010]). Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether it had a potentially meritorious cause of action (*see Bhatti v Empire Realty Assoc., Inc.*, 101 AD3d 1066, 1067-1068 [2012]). Dillon, J.P., Balkin, Hinds-Radix and Connolly, JJ., concur.