Deutsche Bank Trust Co. Ams. v Deutsch (2018 NY Slip Op 00275)





Deutsche Bank Trust Co. Ams. v Deutsch


2018 NY Slip Op 00275


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-11188
2015-11189
 (Index No. 28582/09)

[*1]Deutsche Bank Trust Company Americas, etc., respondent, 
v
Aron Deutsch, appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David, Madeline Greenblatt, and Robert Spolzino of counsel), for appellant.
Zeichner Ellman & Krause LLP, New York, NY (Steven S. Rand and J. David Morrissy of counsel), for respondent.



DECISION & ORDER
Appeals from two orders of the Supreme Court, Kings County (Martin M. Solomon, J.), both dated August 18, 2015. The first order, insofar as appealed from, granted the plaintiff's motion for an order of reference, and denied the cross motion of the defendant Aron Deutsch pursuant to CPLR 3215(c), in effect, to dismiss the complaint insofar as asserted against him as abandoned. The second order, insofar as appealed from, granted the plaintiff's motion for an order of reference.
ORDERED that the first order dated August 18, 2015, is reversed insofar as appealed from, on the law, the cross motion of the defendant Aron Deutsch pursuant to CPLR 3215(c), in effect, to dismiss the complaint insofar as asserted against him as abandoned is granted, the plaintiff's motion for an order of reference is denied, and the second order dated August 18, 2015, is vacated; and it is further,
ORDERED that the appeal from the second order dated August 18, 2015, is dismissed as academic in light of our determination on the appeal from the first order dated August 18, 2015; and it is further,
ORDERED that one bill of costs is awarded to the defendant Aron Deutsch.
In June 2006, Aron Deutsch (hereinafter the defendant) executed a note in the sum of $1,000,000, which was secured by a mortgage on residential property located in Brooklyn. Subsequently, the mortgage was assigned to the plaintiff. In November 2009, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant was served with process pursuant to CPLR 308(2) on November 11, 2009, but did not answer the complaint. Mandatory foreclosure settlement conferences were held from May 18, 2010, until October 4, 2011, at which time the Supreme Court advised the plaintiff that it could proceed with the action.
In February of 2014, more than two years later, the plaintiff moved, inter alia, for an order of reference. The defendant cross-moved pursuant to CPLR 3215(c), in effect, to dismiss the complaint insofar as asserted against him as abandoned. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of a [default] judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." Here, the defendant defaulted in December 2009, but the plaintiff did not initiate proceedings for the entry of a default judgment until February 2014. Although any motions in the action were held in abeyance while settlement conferences were pending (see 22 NYCRR 202.12a[c][7]), the plaintiff was authorized to proceed with the action at the conclusion of mandatory settlement conferences on October 4, 2011. However, the plaintiff took no steps to initiate proceedings for entry of a default judgment until more than two years later, and it failed to demonstrate a reasonable excuse for its delay (see Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844, 846; HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852). Accordingly, the Supreme Court should have denied the plaintiff's motion for an order of reference and granted the defendant's cross motion pursuant to CPLR 3215(c), in effect, to dismiss the complaint insofar as asserted against him as abandoned.
CHAMBERS, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court