Ibrahim v Nablus Sweets Corp. (2018 NY Slip Op 03515)





Ibrahim v Nablus Sweets Corp.


2018 NY Slip Op 03515


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-11882
 (Index No. 506887/14)

[*1]Abeer Ibrahim, appellant, 
v
Nablus Sweets Corp., et al., defendants.


Neil H. Greenberg & Associates, P.C., Massapequa, NY, for appellant.



DECISION & ORDER
In an action, inter alia, to recover unpaid wages, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated October 6, 2016. The order denied the plaintiff's motion pursuant to CPLR 2004 for an extension of time to move for the entry of a default judgment and, thereupon, pursuant to CPLR 3215 for leave to enter a default judgment against the defendants Nablus Sweets Corp. and Taiseer Hamoud, and, in effect, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Nablus Sweets Corp. and Taiseer Hamoud as abandoned pursuant to CPLR 3215(c).
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, in effect, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Nablus Sweets Corp. and Taiseer Hamoud is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
For approximately 10 months, from August 3, 2008, to May 26, 2009, the plaintiff was employed at a pastry shop in Brooklyn allegedly owned by the defendant Nablus Sweets, LLC, and operated by the defendants Nablus Sweets Corp. and Taiseer Hamoud. According to the plaintiff, she was an hourly employee, worked 84 hours in a six-day work week, and performed several functions at the pastry shop, including baker, cashier, sales associate, and dishwasher. In July 2014, the plaintiff commenced this action against the defendants, alleging, inter alia, that they failed to pay her the statutory minimum wage during the time period she was employed by them (see Labor Law § 652). On August 6, 2014, Nablus Sweets Corp. and Hamoud were personally served with the summons and complaint. On August 7, 2014, Nablus Sweets, LLC, was personally served with the summons and complaint and, on or about December 1, 2014, interposed an answer. However, Nablus Sweets Corp. and Hamoud (hereinafter together the defendants) failed to appear in the action, interpose an answer, or otherwise move with respect to the complaint. In September 2016, two years after the defendants defaulted, the plaintiff moved pursuant to CPLR 2004 for an extension of time to move for the entry of a default judgment against the defendants and, thereupon, pursuant to CPLR 3215 for leave to enter a default judgment against them. The Supreme Court denied the motion and, in effect, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants as abandoned pursuant to CPLR 3215(c). The plaintiff appeals.
"CPLR 3215(c) provides that [i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed'" (Myoung Ja Kim v Wilson, 150 AD3d 1019, 1020, quoting CPLR 3215[c]). This statute is strictly construed, as "[t]he language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory inasmuch as courts shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671). Moreover, CPLR 3215(c) expressly provides that a court may dismiss a complaint as abandoned "upon its own initiative or on motion." The statute further provides, however, that the failure to timely seek a default may be excused if " sufficient cause is shown why the complaint should not be dismissed'" (HSBC Bank USA, N.A. v Grella, 145 AD3d at 671, quoting CPLR 3215[c]). To establish the sufficient cause required by CPLR 3215(c), "the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764; see Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844, 845-846). " The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court'" (Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 752, quoting Giglio v NTIMP, Inc., 86 AD3d at 308; see U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852). While a court has the discretion to accept law office failure as a reasonable excuse, such excuse must be supported by detailed allegations of fact explaining the law office failure (see CPLR 2005; CEO Bus. Brokers, Inc. v Alqabili, 105 AD3d 989, 990; HSBC Bank USA, N.A. v Wider, 101 AD3d 683).
Here, the plaintiff moved pursuant to CPLR 2004 for an extension of time to move for the entry of a default judgment and, thereupon, for leave to enter a default judgment against the defendants. CPLR 2004 allows a court to "extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown." "In exercising its discretion to grant an extension of time pursuant to CPLR 2004, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the opponent of the motion" (Blay v Frost, 126 AD3d 659, 660; see Tewari v Tsoutsouras, 75 NY2d 1, 11-12; T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d 1038).
The Supreme Court providently exercised its discretion in rejecting the plaintiff's excuse of law office failure and properly, in effect, directed dismissal of the complaint insofar as asserted against the defendants as abandoned pursuant to CPLR 3215(c). The plaintiff's excuse of law office failure did not rise to the level of a reasonable excuse, as it was vague, conclusory, and unsubstantiated (see U.S. Bank, N.A. v Dorvelus, 140 AD3d at 852; Baruch v Nassau County, 134 AD3d 658, 659; Mattera v Capric, 54 AD3d 827, 828). The excuse was contained in a brief paragraph in the supporting affirmation of an associate who stated, in sum and substance, that the attorney who commenced the action left the employ of the law firm of record, and the plaintiff's file was only discovered in May 2016 when the firm was relocating its offices. There was no affirmation from a principal of the law firm and no indication in the associate's affirmation that he had any personal knowledge of the purported law office failure or that he was even employed by the firm at the time it allegedly occurred. The one-year period to move for the entry of a default judgment lapsed in August 2015, and there is no indication that the attorney had left prior thereto. Since the plaintiff failed to demonstrate a reasonable excuse for her delay in moving for a default judgment, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 2004 for an extension of time to move for a default judgment (see T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d 1038).
The plaintiff's remaining contentions either are without merit, have been rendered academic by our determination, or are improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly denied the plaintiff's motion and, in effect, dismissed the complaint insofar as asserted against the defendants as abandoned pursuant to CPLR 3215(c).
SCHEINKMAN, P.J., DILLON, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court