Federal Natl. Mtge. Assn. v Heilpern (2018 NY Slip Op 05752)





Federal Natl. Mtge. Assn. v Heilpern


2018 NY Slip Op 05752


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2014-09627
2014-09635
 (Index No. 8913/09)

[*1]Federal National Mortgage Association, respondent,
v
Yermi E. Heilpern, et al., appellants, et al., defendants.


Jeremy Rosenberg, New York, NY, for appellants.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (Lijue T. Philip and Andrew Morganstern of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Yermi E. Heilpern and Laya K. Heilpern appeal from (1) an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated May 1, 2014, and (2) a judgment of the same court dated May 13, 2014. The order granted the plaintiff's motion for a judgment of foreclosure and sale and denied the cross motion of the defendants Yermi E. Heilpern and Laya K. Heilpern, inter alia, to vacate an order of reference dated September 6, 2013, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. The judgment directed foreclosure of the mortgage and sale of the mortgaged property. The notice of appeal from the order dated May 1, 2014, is deemed also to be a notice of appeal from the judgment dated May 13, 2014 (see CPLR 5501[c]).
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the plaintiff's motion for a judgment of foreclosure and sale is denied, those branches of the cross motion of the defendants Yermi E. Heilpern and Laya K. Heilpern which were to vacate an order of reference dated September 6, 2013, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned are granted, the complaint is dismissed, and the order dated May 1, 2014, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The appeal from the intermediate order dated May 1, 2014, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
Yermi E. Heilpern executed a note dated April 2, 2004, in favor of Flagstar Bank, FSB, which was secured by a mortgage on residential property in Spring Valley. By assignment [*2]dated July 15, 2009, the mortgage was assigned to MetLife Home Loans, A Division of MetLife Bank, N.A. (hereinafter MetLife). On August 19, 2009, MetLife commenced the instant action to foreclose the mortgage against Yermi E. Heilpern and Laya K. Heilpern (hereinafter together the defendants), among others. The defendants failed to answer the complaint. Thereafter, MetLife assigned the mortgage to Federal National Mortgage Association (hereinafter the plaintiff), who was substituted as the plaintiff.
In April 2013, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. By order dated September 6, 2013, the Supreme Court granted the motion and referred the action to a referee to compute the amount due and owing to the plaintiff. In October 2013, the plaintiff moved for a judgment of foreclosure and sale. The defendants cross-moved, inter alia, to vacate the order of reference and to dismiss the complaint insofar as asserted against them as abandoned pursuant to CPLR 3215(c), or, in the alternative, for a settlement conference pursuant to CPLR 3408. By order dated May 1, 2014, the Supreme Court granted the motion and denied the cross motion. Thereafter, the court issued a judgment dated May 13, 2014, directing foreclosure of the mortgage and sale of the property. The defendants appeal.
The plaintiff failed to seek a default judgment on the unanswered complaint within one year after the default, as required by CPLR 3215(c) (see Giglio v NTIMP, Inc., 86 AD3d 301, 307). To avoid dismissal of the action as abandoned pursuant to CPLR 3215(c), the plaintiff was required to demonstrate a reasonable excuse for its delay in seeking a default judgment and a potentially meritorious cause of action (see Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844, 846; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852; Ohio Sav. Bank v Decaudin, 129 AD3d 925, 926). The plaintiff failed to offer a reasonable excuse for its delay in seeking a default judgment. Since the plaintiff failed to proffer a reasonable excuse for its delay in seeking a default judgment, this Court need not consider whether it had a potentially meritorious cause of action (see U.S. Bank, N.A. v Dorvelus, 140 AD3d at 852).
A defendant may waive the right to seek a dismissal pursuant to CPLR 3215(c) by serving an answer or taking any other steps which may be viewed as a formal or informal appearance (see HSBC Bank USA, N.A. v Grella, 145 AD3d 669; Myers v Slutsky, 139 AD2d 709, 711). Here, the defendants did not appear in the action, either formally or informally.
Accordingly, the Supreme Court should have denied the plaintiff's motion and granted those branches of the defendants' cross motion which were to vacate the order of reference dated September 6, 2013, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
In view of our determination, we need not address the parties' remaining contentions.
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court