U.S. Bank N.A. v White (2019 NY Slip Op 05713)





U.S. Bank N.A. v White


2019 NY Slip Op 05713


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-03922 
2017-03924
 (Index No. 56/13)

[*1]U.S. Bank National Association, etc., appellant,
v
Charliemae White, respondent, et al., defendants.


Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Geraldine A. Cheverko of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered November 9, 2015, and (2) an order of the same court (Darrell L. Gavrin, J.) dated October 19, 2016. The order entered November 9, 2015, sua sponte, in effect, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c). The order dated October 19, 2016, denied the plaintiff's motion to vacate the order entered November 9, 2015, for leave to enter a default judgment, and for an order of reference.
ORDERED that the appeal from the order entered November 9, 2015, is dismissed, without costs or disbursements, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and leave to appeal has not been granted; and it is further,
ORDERED that the order dated October 19, 2016, is affirmed, without costs or disbursements.
On January 2, 2013, the plaintiff commenced this action to foreclose a mortgage given by the defendant Charliemae White. Mandatory settlement conferences were held thereafter, and the matter, not having been settled, was released from the foreclosure settlement conference part on April 30, 2014, with a 60-day stay. Although White never answered the complaint, after the stay was lifted, the plaintiff did not move for an order of reference or otherwise take any proceedings for the entry of a default judgment. In an order entered November 9, 2015, the Supreme Court, sua sponte, in effect, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c). The plaintiff thereafter moved to vacate the order entered November 9, 2015, for leave to enter a default judgment, and for an order of reference. In an order dated October 16, 2016, the court denied the motion, and the plaintiff appeals.
CPLR 3215(c) provides: "If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." To vacate the order directing dismissal of the complaint pursuant to CPLR 3215(c), "the plaintiff was required to demonstrate a reasonable excuse for its delay in seeking a default judgment and a potentially meritorious cause of action" (U.S. [*2]Bank, N.A. v Dorvelus, 140 AD3d 850, 852; see CPLR 5015[a][1]). The determination of whether an excuse is reasonable is committed to the sound discretion of the motion court (see U.S. Bank, N.A. v Dorvelus, 140 AD3d at 852).
Here, the plaintiff failed to offer a reasonable excuse for its failure to take proceedings for the entry of a judgment for more than one year after the action was released from the foreclosure settlement conference part and the 60-day stay expired (see HSBC Bank USA, N.A. v Guevara, 170 AD3d 684; U.S. Bank, N.A. v Dorvelus, 140 AD3d at 852). The plaintiff submitted an attorney's affirmation containing conclusory and unsubstantiated allegations regarding a delay occasioned by a "loss mitigation" hold, the collection of unspecified "documents," and an unexplained "investigation" into the scope of the guardianship of a guardian ad litem appointed for White. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was to vacate the order entered November 9, 2015 (see US Bank, N.A. v Onuoha, 162 AD3d 1094, 1095-1096; U.S. Bank, N.A. v Dorvelus, 140 AD3d at 852).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
BALKIN, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court