Matter of Ramos v Ramos (2019 NY Slip Op 05669)





Matter of Ramos v Ramos


2019 NY Slip Op 05669


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-10432
 (Docket No. O-4822-17)

[*1]In the Matter of Ana Ramos, respondent,
v
Hector Ramos, appellant.


Del Atwell, East Hampton, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Hector Ramos appeals from an order of the Family Court, Dutchess County (Joan S. Posner, J.), dated August 15, 2018. The order denied his motion pursuant to CPLR 5015(a)(1) to vacate an order of protection that was entered against him, after an inquest, upon his default in appearing for a scheduled court date.
ORDERED that the order is affirmed, without costs or disbursements.
In this family offense proceeding, which was commenced by the appellant's wife, the Family Court issued an order of protection against the appellant and in favor of the petitioner, after an inquest, upon the appellant's failure to appear for a scheduled court date. The appellant thereafter moved pursuant to CPLR 5015(a)(1) to vacate the order of protection on the ground of excusable default. In an order dated August 15, 2018, the Family Court denied his motion on the ground, inter alia, that it was supported solely by an affirmation from his counsel, who did not have personal knowledge of the facts constituting the appellant's proffered excuse. We affirm.
"A respondent seeking to vacate an order of protection entered upon his or her failure to appear on a family offense petition must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition" (Matter of McKinney v Jones, 151 AD3d 973, 973; see CPLR 5015[a][1]; Matter of Ignatieva v Sullivan, 169 AD3d 680, 680-681). Here, the appellant did not submit any affidavit based on personal knowledge in support of his motion to vacate his default, and thus did not demonstrate a reasonable excuse for his failure to appear on the scheduled court date (see Dae Hyun Chung v Google, Inc., 153 AD3d 494, 495; Buchakian v Kuriga, 138 AD3d 711, 713; Northern Source, LLC v Kousouros, 106 AD3d 571, 572; Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553, 554). Since the appellant failed to demonstrate a reasonable excuse for his default, we need not reach the issue of whether he demonstrated a potentially meritorious defense (see Zovko v Quittner Realty, LLC, 162 AD3d 1102, 1104; Bernstein v Geiss, 111 AD3d 774, 775).
MASTRO, J.P., BALKIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court