HSBC Bank USA, N.A. v Uddin (2019 NY Slip Op 05649)





HSBC Bank USA, N.A. v Uddin


2019 NY Slip Op 05649


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
RUTH C. BALKIN
JOSEPH J. MALTESE, JJ.


2017-10071
 (Index No. 510286/14)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Mohammed Uddin, appellant, et al., defendants.


Rosenfeld Law Office, Lawrence, NY (Avi Rosenfeld of counsel), for appellant.
Leopold & Associates, PLLC (Greenberg Traurig, LLP, New York, NY [Patrick G. Broderick and Steve Lazar], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mohammed Uddin appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 5, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Mohammed Uddin upon his failure to timely appear or answer the complaint and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Mohammed Uddin and for an order of reference are denied, and the complaint is dismissed as abandoned pursuant to CPLR 3215(c) insofar as asserted against the defendant Mohammed Uddin.
The defendant Mohammed Uddin executed a promissory note in favor of Fremont Investment & Loan, and the note was allegedly endorsed and delivered to the plaintiff. The loan was secured by a mortgage on real property owned by Uddin. Upon Uddin's alleged default on the loan, the plaintiff commenced this action, on November 3, 2014, to foreclose the mortgage. Uddin failed to timely answer or appear in the action. Mandatory settlement conferences were held thereafter, and the matter, not having been settled, was released from the foreclosure settlement conference part on April 1, 2015. By notice of motion dated July 21, 2016, the plaintiff moved, inter alia, for leave to enter a default judgment against Uddin and for an order of reference. Uddin opposed the motion. By order dated July 5, 2017, the Supreme Court, inter alia, granted those branches of the motion.
With regard to default judgments, CPLR 3215(c) provides, in pertinent part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion." The "one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint . . . may be excused if sufficient cause is shown why the complaint should not be dismissed'" (Giglio v NTIMP, Inc., 86 AD3d 301, 308, quoting CPLR 3215[c]). "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration [*2]that the cause of action is potentially meritorious" (Giglio v NTIMP, Inc., 86 AD3d at 308).
Here, the plaintiff did not offer any excuse for its failure to take proceedings for the entry of a default judgment against Uddin for more than one year after the action was released from the foreclosure settlement conference part (see HSBC Bank USA, N.A. v Guervara, 170 AD3d 684; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852). "Where, as here, a party moving for a default judgment beyond one year from the date of default fails to address any reasonable excuse for its untimeliness, courts may not excuse the lateness and shall' dismiss the claim pursuant to CPLR 3215(c)" (Giglio v NTIMP, Inc., 86 AD3d at 308).
Accordingly, those branches of the plaintiff's motion which were for leave to enter a default judgment against Uddin and for an order of reference should have been denied and the complaint should have been dismissed insofar as asserted against Uddin.
MASTRO, J.P., RIVERA, BALKIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court