U.S. Bank Natl. Assn. v Penate (2019 NY Slip Op 07108)





U.S. Bank Natl. Assn. v Penate


2019 NY Slip Op 07108


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-12665
2018-00188
 (Index No. 8945/15)

[*1]U.S. Bank National Association, respondent,
v
Jose Penate, et al., defendants, Paula Cuellar- Penate, appellant.


Beth E. Goldman, New York, NY (Julie Anne Howe of counsel), for appellant.
RAS Boriskin, LLC, Westbury, NY (Jospeh F. Battista of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Paula Cuellar-Penate appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 5, 2017, and (2) an order of the same court entered September 7, 2017. The order entered September 5, 2017, insofar as appealed from, denied the motion of the defendant Paula Cuellar-Penate pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned, and granted those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and for an order of reference. The order entered September 7, 2017, insofar as appealed from, denied the motion of the defendant Paula Cuellar-Penate pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order entered September 5, 2017, is reversed insofar as appealed from, on the law, the motion of the defendant Paula Cuellar-Penate pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned is granted, those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and for an order of reference are denied, and so much of the order entered September 7, 2017, as denied that defendant's motion, granted those branches of the plaintiff's motion, and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from the order entered September 7, 2017, is dismissed as academic in light of our determination on the appeal from the order entered September 5, 2017; and it is further,
ORDERED that one bill of costs is awarded to the defendant Paula Cuellar-Penate.
In October 2015, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Paula Cuellar-Penate. Cuellar-Penate allegedly defaulted in answering the complaint in or around December 2015. Upon the completion of a mandatory settlement conference held pursuant to CPLR 3408, the Supreme Court issued an order dated January 11, 2016, directing the plaintiff to proceed with the foreclosure action.
On or about May 9, 2017, Cuellar-Penate moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned, based upon the plaintiff's failure to take proceedings for a default judgment within one year of her default. On or about May 15, 2017, the plaintiff moved, inter alia, for leave to enter a default judgment against Cuellar-Penate and for an order of reference. Cuellar-Penate opposed the plaintiff's motion, advancing the same argument for dismissal pursuant to CPLR 3215(c) that she had articulated in support of her own motion. In opposition to Cuellar-Penate's motion and in further support of its motion, the plaintiff contended that it had both a reasonable excuse for its failure to take proceedings within one year of the default and a meritorious cause of action. The plaintiff further contended that CPLR 3215(c) was inapplicable because it had taken proceedings for a default judgment by filing its motion in May 2017. The Supreme Court denied Cuellar-Penate's motion, granted the plaintiff's motion, and appointed a referee to compute the amount due to the plaintiff. Cuellar-Penate appeals.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a defendant's] default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." " Sufficient cause' requires a showing of a reasonable excuse for the delay in timely moving for leave to enter a default judgment, plus a demonstration that the cause of action is potentially meritorious" (HSBC Bank USA, N.A. v Seidner, 159 AD3d 1035, 1035).
In a mortgage foreclosure action, a plaintiff satisfies the requirements of CPLR 3215(c) when, within one year of a defendant's default, the plaintiff takes the "preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference" pursuant to RPAPL 1321 (Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1073; HSBC Bank USA, N.A. v Alexander, 124 AD3d 838, 839). Moreover, a plaintiff's time to move for an order of reference is tolled during the pendency of court settlement conferences mandated by CPLR 3408 (see HSBC Bank USA, N.A. v Seidner, 159 AD3d at 1036; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852; CPLR 3408[n]; 22 NYCRR 202.12-a[c][7]).
Here, Cuellar-Penate was entitled to dismissal of the complaint insofar as asserted against her, as the record demonstrates that the plaintiff failed to take proceedings within a year of Cuellar-Penate's default, and the plaintiff failed to proffer a reasonable excuse for its delay. Although the action was released from the foreclosure settlement conference part on January 11, 2016, at which time the plaintiff was authorized to proceed with the prosecution of the action, approximately 16 months elapsed during which the plaintiff failed to move for an order of reference (cf. HSBC Bank USA, N.A. v Hasis, 154 AD3d 832, 833; Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844, 846).
Contrary to the plaintiff's contention, the purported submission of a completed loss mitigation application by the defendants Jose Penate and Gerardo Penate did not automatically toll the plaintiff's deadline under CPLR 3215(c) for the 148 days during which the plaintiff was purportedly reviewing the application. The plaintiff cites no provision of New York law for the proposition that the submission of a completed loan modification application in a mortgage foreclosure action tolls the one-year deadline set forth in CPLR 3215 (cf. CPLR 321[c]; 3408[n]). In any event, the representations by the plaintiff's counsel as to when the plaintiff received and responded to the loss mitigation application are unsupported by any affidavit from someone with personal knowledge or by any documentary evidence. As these claims were conclusory and unsubstantiated, they also did not rise to the level of a reasonable excuse for the plaintiff's delay (see Wells Fargo Bank, N.A. v Cafasso, 158 AD3d 848, 849-850; U.S. Bank, N.A. v Dorvelus, 140 AD3d at 852).
Since the plaintiff failed to proffer a reasonable excuse for its delay, this Court need not consider whether the plaintiff had a potentially meritorious cause of action (see U.S. Bank, N.A. v Dorvelus, 140 AD3d at 852).
Accordingly, the Supreme Court should have granted Cuellar-Penate's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned, and [*2]denied those branches of the plaintiff's motion which were for leave to enter a default judgment against Cuellar-Penate and for an order of reference.
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court