JPMorgan Chase Bank, N.A. v Greenberg (2019 NY Slip Op 08395)





JPMorgan Chase Bank, N.A. v Greenberg


2019 NY Slip Op 08395


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-04360 
2017-04361
 (Index No. 6829/13)

[*1]JPMorgan Chase Bank, National Association, respondent,
v
Carl Greenberg, appellant, et al., defendants.


Rosenberg & Steinmetz P.C., Valley Stream, NY (Rachelle Rosenberg of counsel), for appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Carl Greenberg appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated January 27, 2017, and (2) an order of the same court also dated January 27, 2017. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Carl Greenberg and for an order of reference and denied that defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned or, in the alternative, in effect, pursuant to CPLR 5015(a) to vacate his default in answering the complaint and pursuant to CPLR 3012(d) to compel the plaintiff to accept a late answer. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Carl Greenberg and for an order of reference, denied that defendant's cross motion, and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Carl Greenberg and for an order of reference are denied, that branch of that defendant's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted, and those branches of that defendant's cross motion which were, in effect, pursuant to CPLR 5015(a) to vacate his default in answering the complaint and pursuant to CPLR 3012(d) to compel the plaintiff to accept a late answer are denied as academic.
The plaintiff, JPMorgan Chase Bank, National Association (hereinafter JPMorgan), commenced this mortgage foreclosure action on June 5, 2013, with the filing of a summons and complaint. In May 2015, the subject mortgage was assigned to Federal National Mortgage Association (hereinafter FNMA). On August 23, 2016, JPMorgan moved, inter alia, for leave to enter a default judgment against the defendant Carl Greenberg (hereinafter the defendant) and for an order of reference. The defendant cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The Supreme Court, inter [*2]alia, granted those branches of JPMorgan's motion which were for leave to enter a default judgment against the defendant and for an order of reference and denied the defendant's cross motion. The defendant appeals.
"CPLR 3215(c) provides that [i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed'" (Myoung Ja Kim v Wilson, 150 AD3d 1019, 1020, quoting CPLR 3215[c]). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308). "The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if sufficient cause is shown why the complaint should not be dismissed' (CPLR 3215[c]). This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (id. at 308). "The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court" (id.).
Here, JPMorgan failed to proffer a reasonable excuse for its delay. Its explanation that the delay was attributable to its attendance at mandatory settlement conferences and the subsequent transfer of the loan to FNMA, after which FNMA and its servicer had to review the file, failed to account for the approximately 13 months between the case's release from the settlement part and the transfer of the loan, and the approximately 15 months it took to make the motion, inter alia, for leave to enter a default judgment. Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether the plaintiff had a potentially meritorious cause of action (see BAC Home Loans Servicing, LP v Broskie, 166 AD3d 842, 843; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 851).
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted that branch of the defendant's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, and denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference.
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court