Federal Natl. Mtge. Assn. v Greenfeld (2020 NY Slip Op 02673)





Federal Natl. Mtge. Assn. v Greenfeld


2020 NY Slip Op 02673


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-04712
 (Index No. 21748/10)

[*1]Federal National Mortgage Association, etc., respondent,
v
Jehoshea Greenfeld, appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David, Shane Wax, and David Berg of counsel), for appellant.
David A. Gallo & Associates LLP, Roslyn Heights, NY (Jonathan M. Cohen and Melanie A. Sweeney of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jehoshea Greenfeld appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated August 15, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Jehoshea Greenfeld and for an order of reference, and denied those branches of that defendant's cross motion which were to dismiss the complaint insofar as asserted against him pursuant to CPLR 3215(c) or for failure to comply with RPAPL 1303, or, in the alternative, to vacate his default in appearing or answering the complaint and for leave to serve a late answer.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Jehoshea Greenfeld and for an order of reference are denied, that branch of that defendant's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him is granted, those branches of that defendant's cross motion which were to dismiss the complaint insofar as asserted against him for failure to comply with RPAPL 1303, or, in the alternative, to vacate his default in appearing or answering the complaint and for leave to serve a late answer are denied as academic, and an order of reference of the same court dated August 15, 2016, is vacated.
In September 2010, the plaintiff's predecessor in interest commenced the instant mortgage foreclosure action against the defendant Jehoshea Greenfeld, among others. Greenfeld failed to appear or answer the complaint. In January 2016, the plaintiff moved, inter alia, for leave to enter a default judgment against Greenfeld and for an order of reference. Greenfeld cross-moved, inter alia, to dismiss the complaint insofar as asserted against him pursuant to CPLR 3215(c) or for failure to comply with RPAPL 1303, or, in the alternative, to vacate his default in appearing or answering the complaint and for leave to serve a late answer. In an order dated August 15, 2016, the Supreme Court granted the plaintiff's motion and denied Greenfeld's cross motion. Greenfeld appeals.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the [*2]complaint as abandoned . . . upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 633). " Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause,' which requires the plaintiff to demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action'" (HSBC Bank USA, N.A. v Jean, 165 AD3d at 634, quoting Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764).
Here, the plaintiff failed to take proceedings, including preliminary steps, for the entry of a default judgment for more than five years after Greenfeld's default (see Deutsche Bank Natl. Trust Co. v Iovino, 171 AD3d 1011, 1012; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852; cf. HSBC Bank USA, N.A. v Traore, 139 AD3d 1009, 1010). Further, the plaintiff's vague, conclusory, and unsubstantiated assertions that periods of delay were attributable to compliance with a then newly adopted administrative order, changes in the loan servicer, and various natural disasters were insufficient to excuse the lengthy delay in moving for leave to enter a default judgment (see Bank of Am., N.A. v Santos, 175 AD3d 449, 451; BAC Home Loans Servicing, LP v Broskie, 166 AD3d 842, 843; U.S. Bank, N.A. v Dorvelus, 140 AD3d at 852).
Accordingly, those branches of the plaintiff's motion which were for leave to enter a default judgment against Greenfeld and for an order of reference should have been denied, and that branch of Greenfeld's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him should have been granted.
RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court