Humes v New York City Hous. Auth. (2021 NY Slip Op 50954(U))

[*1]

Humes v New York City Hous. Auth.

2021 NY Slip Op 50954(U) [73 Misc 3d 130(A)]

Decided on October 1, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 1, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-555 K C

Nadine Humes, Appellant,
against
New York City Housing Authority, Respondent.

Nadine Humes, appellant pro se.
New York City Housing Authority Law Department (Kelly D. Macneal and Trina E. Meikle of
counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Marcia J.
Sikowitz, J.), entered February 18, 2020. The order granted an unopposed motion by respondent
New York City Housing Authority to dismiss the petition.

ORDERED that the appeal is dismissed.
Tenant commenced this HP proceeding against her landlord, New York City Housing
Authority (respondent), alleging that respondent harassed her in violation of the Administrative
Code of the City of New York section 27-2005 (d) and seeking an order finding harassment and
restraining respondent from harassing her (see Administrative Code of the City of New
York § 27-2115). Petitioner specifically alleged that the harassment involved the death of
her cat, an assault against her by another tenant and a threat by respondent to evict her due to the
assault case. Respondent moved to dismiss, arguing, among other things, that petitioner's
allegations do not rise to the level of harassment. No written opposition to the motion was
submitted.
In an order entered February 18, 2020, the court dismissed the petition, noting that no written
opposition was submitted, and stating that the "petition fails to allege any housing code
violations, [and] an [HPD] inspection was not conducted."
No appeal lies from an order or judgment entered upon the default of the appealing party
(see CPLR 5511; see also Gitzis v Isakov, 150 AD3d 1085 [2017]). Here, the
Civil Court's [*2]determination in the order entered February 18,
2020 to grant respondent's motion to dismiss constituted a granting of the motion on default
(see T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d 1038 [2016]). The
court specifically noted that there was no written opposition and there is no indication that
plaintiff appeared or participated in any oral argument (cf. Matter of 144 Stuyvesant, LLC v
Goncalves, 119 AD3d 695 [2014]).
In view of the foregoing, the appeal from the February 18, 2020 order must be dismissed
(see Gitzis v Isakov, 150 AD3d 1085).
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 1, 2021