HSBC Mtge. Corp. v Hasan (2020 NY Slip Op 05036)





HSBC Mtge. Corp. v Hasan


2020 NY Slip Op 05036


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-04484
 (Index No. 32862/09)

[*1]HSBC Mortgage Corporation, respondent,
v
Abul Hasan, et al., defendants, USROF III Legal Title Trust 2015-1, appellant.


Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, New York, NY (David K. Fiveson and Julie A. Levine of counsel), for appellant.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (Edward Rugino of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant USROF III Legal Title Trust 2015-1 appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 31, 2018. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant USROF III Legal Title Trust 2015-1 to dismiss the complaint insofar as asserted against it is granted.
In November 2008, the plaintiff loaned the sum of $525,000 to the defendant Abul Hasan which was evidenced by a note executed by Hasan. As security, Hasan executed a mortgage encumbering certain real property in Brooklyn (hereinafter the subject property). After Hasan conveyed the subject property and allegedly improper satisfactions of mortgage were filed, the plaintiff commenced this action in December 2009 against Hasan, among others. The plaintiff alleges, inter alia, that beginning with the payment due on March 1, 2009, Hasan failed to comply with the terms of the note and mortgage. On or about January 5, 2010, Hasan and the other defendants were served, among other things, with the summons and complaint.
The plaintiff contends that in or about March 2010, it moved in the Supreme Court for an order of reference. There is nothing in the record that indicates that any determination was ever rendered on any such motion, and in an order dated July 27, 2016, after a status conference, the court directed the plaintiff to move for an order of reference within 90 days, noting that "there is no pending application before the Court." In an order dated January 30, 2017, the court granted the plaintiff's motion to extend its time to move for an order of reference, and thereafter granted the plaintiff an additional 60 days to do so. Prior to that deadline, the defendant USROF III Legal Title Trust 2015-1 (hereinafter USROF), the assignee of a second mortgage encumbering the subject property, moved to intervene in the action, which motion was granted in an order dated August 16, 2017.
In September 2017, USROF moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned, and the plaintiff cross-moved, inter alia, for leave to amend the complaint and to consolidate the instant foreclosure action with an action to foreclose the second mortgage. The Supreme Court denied USROF's motion and granted the plaintiff's cross motion. USROF appeals from so much of the order as denied its motion.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c)" (Aurora Loan Servs., LLC v Bandhu, 175 AD3d 1470, 1471; see US Bank, N.A. v Picone, 170 AD3d 1070, 1072). "Rather, it is enough that the plaintiff timely takes the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference to establish that it initiated proceedings for entry of a judgment within one year of the default for the purposes of satisfying CPLR 3215(c)" (US Bank, N.A. v Picone, 170 AD3d at 1072; see US Bank N.A. v Meyer, 174 AD3d 948, 950).
Here, the plaintiff, in support of its position that it took proceedings for the entry of judgment within one year after Hasan's default, relies upon two pages in the record. The first of those two pages is a "CamScanner" copy of the face sheet of a proposed order of reference reflecting the caption of this action, a blank line over the words "(ORD OF REF) FEE PAID," and a pagination of "Page 1 of 2." The page is devoid of markings that it was ever presented to any Justice of the Supreme Court as no name is written next to "Hon." above the caption, and no presentment date is reflected in the blank spaces at the upper right-hand corner of the document where the date and month of presentments are typically identified. There is nothing that indicates that this document was ever filed with the court. The second "CamScanner" page relied upon by the plaintiff, delineated as "Page 2 of 2," reflects what appears to be either a 2010 or 2019 date stamp, in an unreadable month and date, at 12:07 p.m., with two looping lines that may or may not be a penned signature. The date stamp does not identify it as being placed upon the document by any particular person, entity, or court, and does not contain the word "Filed." Both of the pages relied upon by the plaintiff contain in their lower right-hand corners the notation "Printed: 10/5/20," without a full readable year. No other pages comprising the purported proposed order of reference were provided, though the first page, which ends in mid-sentence, is clearly not the entirety of the document.
Since CPLR 3215(c) provides that courts "shall" dismiss actions as abandoned where the plaintiff fails to take proceedings within one year after a default "unless sufficient cause is shown," the burden was upon the plaintiff to establish sufficient cause as to why the complaint should not be dismissed in this instance (see Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 911). Here, the burden was not met. The plaintiff's purported order of reference bears not only no notation of having ever been filed with the county clerk, or a fee being paid, it also fails to demonstrate that it was presented on any particular date, or assigned to a judge, or ever decided by the court. Thus, it fails to adequately establish that the plaintiff ever actually took proceedings within one year after the default. The absence of a complete copy of the purported order of reference beyond its face page renders the plaintiff's evidence insufficient. The single-lined date strip on the second proffered page is unreadable by month, date, and even year, and does not reflect any "Filed" notation as would be expected of a document filed with a county clerk. Moreover, by the time a status conference was conducted on July 27, 2016, no motion was pending before the Supreme Court, and there was no readily-obtainable evidence that any earlier application related to this action had ever been decided.
The plaintiff's various additional arguments in support of an affirmance of the order appealed from are without merit. Accordingly, the Supreme Court should have granted USROF's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned.
DILLON, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court