CitiMortgage, Inc. v Goldstein (2020 NY Slip Op 05718)





CitiMortgage, Inc. v Goldstein


2020 NY Slip Op 05718


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-10577
 (Index No. 69764/14)

[*1]CitiMortgage, Inc., respondent, 
v
Lewis G. Goldstein, etc., appellant, et al., defendants.


Law Offices of Paula A. Miller, P.C., Smithtown, NY, for appellant.
Davidson Fink LLP (Akerman LLP, New York, NY [Jordan M. Smith], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lewis G. Goldstein appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Thomas F. Whelan), entered June 20, 2018. The order and judgment of foreclosure and sale, insofar as appealed from, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, denied those branches of the cross motion of the defendant Lewis G. Goldstein which were, in effect, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, that branch of the cross motion of the defendant Lewis G. Goldstein which was, in effect, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted, and that branch of the cross motion of the defendant Lewis G. Goldstein which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction is denied as academic.
On November 18, 2014, the plaintiff commenced this action to foreclose a mortgage on real property. All the defendants failed to answer within the time allowed, and on August 12, 2016, the plaintiff moved for leave to enter a default judgment and for an order of reference. In an order dated April 6, 2017, the Supreme Court granted the plaintiff's unopposed motion and appointed a referee to compute the amount due to the plaintiff. Thereafter, on February 28, 2018, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant Lewis G. Goldstein (hereinafter the defendant) opposed the motion and cross-moved, in effect, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order and judgment of foreclosure and sale entered June 20, 2018, the court, inter alia, granted the plaintiff's motion and denied those branches of the defendant's cross motion. The defendant appeals.
CPLR 3215(c) generally provides that if the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed. A motion by a defendant to dismiss the complaint as abandoned pursuant to CPLR 3215(c) is untimely when it is made after the entry of a judgment of foreclosure and sale (see Ditech Fin., LLC v Rizzo, 175 AD3d 1243, 1245; P.B. #7, LLC v 231 Fourth Ave. Lyceum, LLC, 167 AD3d 1028, 1030; Fuentes v Virgil, 88 AD3d 643, 644).
Here, since the defendant's cross motion was made prior to the entry of the order and judgment of foreclosure and sale, contrary to the Supreme Court's determination, that branch of the cross motion which was, in effect, pursuant to CPLR 3215(c) was timely (cf. Ditech Fin., LLC v Rizzo, 175 AD3d at 1245; P.B. #7, LLC v 231 Fourth Ave. Lyceum, LLC, 167 AD3d at 1030; Fuentes v Virgil, 88 AD3d at 644). Furthermore, we disagree with the court's determination that it was precluded from further consideration of the issue under the doctrine of law of the case (see Martin v City of Cohoes, 37 NY2d 162, 165). In any event, this Court is not bound by the doctrine of law of the case by a prior determination of the Supreme Court and may make its own determination with regard to whether the complaint was subject to dismissal as abandoned pursuant to CPLR 3215(c) (see Martin v City of Cohoes, 37 NY2d at 165; Ramanathan v Aharon, 109 AD3d 529, 531).
"The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671 [citation and internal quotation marks omitted]; see Karamuco v Gavriel Plaza, Inc., 172 AD3d 832, 832). "The failure to timely seek a default may be excused if 'sufficient cause is shown why the complaint should not be dismissed' (CPLR 3215[c]), which requires the plaintiff to proffer a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious" (HSBC Bank USA, N.A. v Grella, 145 AD3d at 671; see Karamuco v Gavriel Plaza, Inc., 172 AD3d at 833).
Here, the defendant was purportedly served with process on December 8, 2014, and defaulted by failing to serve an answer within 20 days (see CPLR 3012[a]). However, the plaintiff took no steps to initiate proceedings for the entry of a default judgment prior to its moving for that relief and for an order of reference on August 12, 2016 (see U.S. Bank N.A. v Penate, 176 AD3d 758, 760). The plaintiff's conclusory and unsubstantiated assertions failed to establish a reasonable excuse for its delay in initiating proceedings for the entry of a default judgment. Contrary to the plaintiff's contention, the fact that it attended a settlement conference on June 1, 2015, was insufficient to establish a reasonable excuse for the failure to initiate proceedings for the entry of a default judgment within a year after the defendant's default, as the case was released from the settlement conference part more than one year before the plaintiff took any steps to initiate proceedings for the entry of a default judgment (see JPMorgan Chase Bank, N.A. v Hosain, 178 AD3d 785, 787; HSBC Bank USA, N.A. v Grella, 145 AD3d at 671-672). As the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether it had a potentially meritorious cause of action (see JPMorgan Chase Bank, N.A. v Greenberg, 177 AD3d 860, 862; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852).
Accordingly, the Supreme Court should have granted that branch of the defendant's cross motion which was, in effect, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned and denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., AUSTIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court