US Bank N.A. v Kail (2020 NY Slip Op 08100)





US Bank N.A. v Kail


2020 NY Slip Op 08100


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-12375
2017-07661
 (Index No. 7832/09)

[*1]US Bank National Association, etc., respondent,
v
Melanie Kail, appellant, et al., defendants.


Lawrence Katz, Valley Stream, NY, for appellant.
Gross Polowy, LLC (Hogan Lovells US LLP, New York, NY [Chava Brandriss, David Dunn, Christian Fletcher, and Benjamin P. Jacobs], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Melanie Kail appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated September 29, 2015, and (2) a judgment of foreclosure and sale of the same court entered February 22, 2017. The order, insofar as appealed from, upon reargument, vacated a prior determination of the same court in an order dated March 24, 2015, denying the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and thereupon, granted that motion, and denied that defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. The judgment of foreclosure and sale, upon the order dated September 29, 2015, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order dated September 29, 2015, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, upon reargument, the determination in the order dated March 24, 2015, denying the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is adhered to, and the cross motion of the defendant Melanie Kail pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned is granted, and the order dated September 29, 2015, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The appeal from the order dated September 29, 2015, must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In April 2009, the plaintiff commenced this action to foreclose a mortgage against, [*2]among others, Melanie Kail (hereinafter the defendant), alleging that she defaulted on her residential mortgage payment obligations. The defendant did not interpose an answer to the complaint. On September 4, 2009, the defendant attended a foreclosure settlement conference and, on that date, the matter was released from the mandatory foreclosure settlement part. In October 2013, the plaintiff moved for summary judgment on the complaint and an order of reference. In an order dated May 27, 2014, the Supreme Court granted the plaintiff's unopposed motion and appointed a referee to compute the amount due to the plaintiff. Thereafter, in September 2014, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. By order dated March 24, 2015, the court denied the plaintiff's motion without prejudice on the ground that the notice of pendency filed in this action had expired.
In June 2015, the plaintiff moved, inter alia, for leave to reargue its prior motion, and the defendant cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. In an order dated September 29, 2015, the Supreme Court, upon granting that branch of the plaintiff's motion which was for leave to reargue, vacated the order dated March 24, 2015, granted the plaintiff's prior motion, among other things, for a judgment of foreclosure and sale, and denied the defendant's cross motion. A judgment of foreclosure and sale was entered on February 22, 2017, inter alia, directing the sale of the subject property. The defendant appeals.
CPLR 3215 provides, in pertinent part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671 [internal quotation marks omitted]). "The failure to timely seek a default may be excused if 'sufficient cause is shown why the complaint should not be dismissed' (CPLR 3215[c]), which requires the plaintiff to proffer a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious" (HSBC Bank USA, N.A. v Grella, 145 AD3d at 671; see HSBC Bank USA, N.A. v Seidner, 159 AD3d 1035, 1035). "In a mortgage foreclosure action, a plaintiff satisfies the requirements of CPLR 3215(c) when, within one year of a defendant's default, the plaintiff takes the 'preliminary step toward obtaining a default judgment of foreclosure and sale by moving . . . for an order of reference' pursuant to RPAPL 1321" (US Bank N.A. v Penate, 176 AD3d 758, 760, quoting Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1073).
Here, the plaintiff was authorized to proceed with the prosecution of this action after the matter was released from the mandatory foreclosure settlement part in September 2009 (see U.S. Bank, N.A. v Laulicht, 176 AD3d 892, 893; Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844, 846). However, the plaintiff took no steps to initiate proceedings for the entry of a default judgment against the defendant until October 2013, when it moved, inter alia, for an order of reference. Contrary to the plaintiff's contention, it failed to proffer a reasonable excuse for its delay of more than three years in moving for that relief (see U.S. Bank, N.A. v Laulicht, 176 AD3d at 893; HSBC Bank USA, N.A. v Guevara, 170 AD3d 684, 685; US Bank, N.A. v Onuoha, 162 AD3d 1094, 1096; Wells Fargo Bank, N.A. v Bonanno, 146 AD3d at 846). Although "[a] defendant may waive the right to seek dismissal pursuant to CPLR 3215(c) by serving an answer or taking any other steps which may be viewed as a formal or informal appearance" (Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 910 [internal quotation marks omitted]), here, the defendant's participation in a settlement conference "did not constitute either a formal or an informal appearance 'since [she] did not actively litigate the action before the Supreme Court or participate in the action on the merits'" (Wells Fargo Bank, N.A. v Martinez, 181 AD3d 470, 471, quoting HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 867). As the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether it had a potentially meritorious defense (see CitiMortgage, Inc. v Goldstein, 187 AD3d 841, 844).
Accordingly, the Supreme Court, upon reargument, should have adhered to the [*3]determination in the order dated March 24, 2015, denying the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and should have granted the defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court