Federal Natl. Mtge. Assn. v Dauphin (2021 NY Slip Op 03576)





Federal Natl. Mtge. Assn. v Dauphin


2021 NY Slip Op 03576


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-04592
 (Index No. 14803/14)

[*1]Federal National Mortgage Association, etc., respondent,
v
Tameil Dauphin, et al., appellants, et al., defendants.


Rozario & Associates, P.C., New York, NY (Deborah An of counsel), for appellants.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Tameil Dauphin and Rodlens Dauphin appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 16, 2019. The order granted the plaintiff's motion to vacate an order of the same court dated October 19, 2017, inter alia, sua sponte, dismissing the action as abandoned pursuant to CPLR 3215(c), and to restore the action to the court calendar.
ORDERED that the order dated January 16, 2019, is reversed, on the law, with costs, and the plaintiff's motion to vacate the order dated October 19, 2017, and to restore the action to the court calendar is denied.
In October 2014, the plaintiff commenced this action against the defendants Tameil Dauphin and Rodlens Dauphin (hereinafter together the defendants), among others, to foreclose a mortgage on residential property located in Brooklyn. The defendants failed to answer the complaint. In March 2015, the action was released from the court's foreclosure settlement part. Approximately two years later, in June 2017, the plaintiff moved, without opposition, for leave to enter a default judgment and for an order of reference. By order dated October 19, 2017 (hereinafter the October 2017 order), the Supreme Court denied the motion and, sua sponte, dismissed the action as abandoned pursuant to CPLR 3215(c). Approximately one year later, in September 2018, the plaintiff moved to vacate the October 2017 order and to restore the action to the court calendar. The defendants opposed the motion. By order dated January 16, 2019, the court granted the motion. The defendants appeal. We reverse.
Pursuant to CPLR 3215(c) "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." Here, the plaintiff failed to move for the entry of a default judgment for more than two years after the action had been released from the court's foreclosure settlement part and almost three years after the defendants' default (see US Bank N.A. v Kail, 189 AD3d 1652, 1654; Wells Fargo Bank, N.A. v Bonanno, 146 AD3d at 846). Thus, in order for the Supreme Court to vacate the October 2017 order pursuant to CPLR 3215(c), the [*2]plaintiff was required to demonstrate a reasonable excuse for its delay in seeking a default judgment and a potentially meritorious cause of action (see US Bank N.A. v Kail, 189 AD3d at 1654; Wells Fargo Bank, N.A. v Bonanno, 146 AD3d at 846).
Here, the plaintiff failed to demonstrate a reasonable excuse for its failure to timely move for such relief (see Wells Fargo Bank, N.A. v Bonanno, 146 AD3d at 846). The plaintiff's contention that its delay was excused by its need to review internal business records was conclusory and unsubstantiated (see CitiMortgage, Inc. v Goldstein, 187 AD3d 841, 843; Bank of Am., N.A. v Shami, 173 AD3d 954, 956), and, in any event, the plaintiff provided no explanation as to how such a review prevented it from moving for leave to enter a default judgment until June 2017 (see U.S. Bank, N.A. v Laulicht, 176 AD3d 892, 893). The plaintiff's contention that it took proceedings for the entry of a default judgment by moving for an order of reference and filing a successive notice of pendency also is unavailing, as both actions were undertaken more than one year after the release of the action from the foreclosure settlement part and beyond the requisite one-year period set forth in CPLR 3215(c) (see CitiMortgage, Inc. v Goldstein, 187 AD3d at 843-844; JBBNY, LLC v Begum, 156 AD3d 769, 772). The plaintiff's contention that the defendants' application for loss mitigation and filing for bankruptcy protection constitutes a reasonable excuse for delay likewise is without merit. A completed loss mitigation application does not automatically toll a plaintiff's deadline under CPLR 3215(c) during the time that the plaintiff is purportedly reviewing the application (see U.S. Bank N.A. v Penate, 176 AD3d 758, 760). In any event, the plaintiff denied the defendants' application in August 2015 and proffered no excuse for failing to move for leave to enter a default judgment until June 2017, almost two years later (see US Bank N.A. v Kail, 189 AD3d at 1654; Wells Fargo Bank, N.A. v Bonanno, 146 AD3d at 846). Further, the defendants did not file for bankruptcy until May 2016, also after the one-year requisite time period set forth in CPLR 3215(c) had already expired.
Since the plaintiff failed to proffer a reasonable excuse for failing to move for leave to enter a default judgment within the requisite one-year period, this Court need not consider whether the plaintiff had a potentially meritorious cause of action (see US Bank N.A. v Kail, 189 AD3d at 1655; CitiMortgage, Inc. v Goldstein, 187 AD3d at 843-844).
The plaintiff's remaining contentions, raised for the first time on appeal, are not properly before this Court.
Accordingly, the Supreme Court should have denied the plaintiff's motion to vacate the October 2017 order and to restore the action to the court calendar.
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court