1077 Madison St., LLC v Dickerson (2021 NY Slip Op 04590)





1077 Madison St., LLC v Dickerson


2021 NY Slip Op 04590


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-01461
2017-01459
2018-02225
 (Index No. 34103/06)

[*1]1077 Madison Street, LLC, respondent, 
v
Osbert Dickerson, appellant, et al., defendants.


The Rosenfeld Law Office, Lawrence, NY (Avinoam Rosenfeld of counsel), for appellant. 
Law Office of Samuel Katz, PLLC, Brooklyn, NY, for respondent.
In an action to foreclose a mortgage, the defendant Osbert Dickerson appeals from (1) an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated December 14, 2016, (2) an order of the same court dated December 22, 2016, and (3) an order and judgment of foreclosure and sale (one paper) of the same court (Lawrence Knipel, J.) dated October 26, 2017. The order dated December 14, 2016, insofar as appealed from, denied the cross motion of the defendant Osbert Dickerson pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The order dated December 22, 2016, insofar as appealed from, granted that branch of the plaintiff's motion which was, in effect, for leave to enter a default judgment against the defendant Osbert Dickerson and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, upon the orders, inter alia, directed the sale of the subject property.



DECISION & ORDER
By order to show cause dated October 23, 2020, the parties to the appeals were directed to show cause before this Court why the appeals from the orders should or should not be dismissed on the ground that the right of direct appeal from the orders terminated upon entry in the above-entitled action of the order and judgment of foreclosure and sale. Separate motion by the respondent, inter alia, to dismiss the appeals from the orders on the ground that the right of direct appeal therefrom terminated upon entry in the above-entitled action of the order and judgment of foreclosure and sale. By decision and order on motion dated January 22, 2021, the Court's motion and that branch of the respondent's motion which was to dismiss the appeals from the orders were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the papers filed in support of the respondent's motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the Court's motion to dismiss the appeals from the orders and that branch of the respondent's motion which is to dismiss the appeals from the orders on the ground that [*2]the right of direct appeal therefrom terminated upon entry in the above-entitled action of the order and judgment of foreclosure and sale are granted, and those appeals are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On November 9, 2006, the plaintiff's predecessor in interest, US Bank National Association (hereinafter US Bank), commenced this action against the defendant Osbert Dickerson (hereinafter the defendant), among others, to foreclose a mortgage on certain real property. The defendant failed to timely appear or answer the complaint. On January 26, 2007, US Bank filed, inter alia, a request for judicial intervention (hereinafter RJI) seeking an ex parte order of reference and paid the corresponding motion fee.
In April 2013, after a series of assignments, the plaintiff acquired the note and mortgage. Thereafter, the plaintiff moved, inter alia, in effect, for leave to enter a default judgment against the defendant and for an order of reference. The defendant cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. In an order dated December 14, 2016, the Supreme Court, among other things, denied the defendant's cross motion. In an order dated December 22, 2016, the court, inter alia, granted that branch of the plaintiff's motion which was, in effect, for leave to enter a default judgment against the defendant and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. In an order and judgment of foreclosure and sale dated October 26, 2017, the court, among other things, directed the sale of the property. Dickerson appeals.
The Supreme Court properly granted that branch of the plaintiff's motion which was, in effect, for leave to enter a default judgment against the defendant and denied the defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him. CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c)" (Aurora Loan Servs., LLC v Bandhu, 175 AD3d 1470, 1471; see Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 773). As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c) (see Aurora Loan Servs., LLC v Bandhu, 175 AD3d at 1471; US Bank, N.A. v Picone, 170 AD3d 1070, 1072).
Here, in January 2007, less than two months after the defendant's default in appearing or answering the complaint, the plaintiff's predecessor in interest took the preliminary step toward obtaining a default judgment of foreclosure and sale by filing an RJI and a proposed ex parte order of reference and paying a motion fee. Since proceedings for entry of the order and judgment of foreclosure and sale were initiated within one year of the defendant's default (see CPLR 3215[c]; Federal Natl. Mtge. Assn. v Edmund-Henry, 188 AD3d 652, 653; cf. HSBC Mtge. Corp. v Hasan, 186 AD3d 1495), there was no basis for dismissal of the complaint pursuant to CPLR 3215(c) (see Aurora Loan Servs., LLC v Bandhu, 175 AD3d at 1471).
The defendant's remaining contention is improperly raised for the first time on appeal.
LASALLE, P.J., DILLON, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court