Federal Natl. Mtge. Assn. v Kahana (2021 NY Slip Op 05024)





Federal Natl. Mtge. Assn. v Kahana


2021 NY Slip Op 05024


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.


2020-02563
 (Index No. 3090/10)

[*1]Federal National Mortgage Association, appellant,
v
Chaim Kahana, et al., respondents, et al., defendant.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for appellant.
Phillip J. Murphy, New City, NY, for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated December 20, 2019. The order, insofar as appealed from, granted that branch of the cross motion of the defendants Chaim Kahana and Frimet Kahana which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action to foreclose a mortgage was commenced by the filing of a summons and complaint on March 23, 2010. The defendants Chaim Kahana and Frimet Kahana (hereinafter together the defendants) defaulted in appearing and answering the complaint. The plaintiff alleged that the action was released from the settlement conference part on December 3, 2013. By notice of motion dated August 25, 2016, the plaintiff moved, among other things, for leave to enter a default judgment and for an order of reference. The defendants cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them on the ground of lack of personal jurisdiction. After a hearing to determine the validity of service of process, the Supreme Court determined that the defendants were properly served with process, and therefore, denied their cross motion to dismiss. The court also granted the plaintiff's motion, inter alia, for an order of reference.
By notice of motion dated July 31, 2019, the plaintiff moved to confirm in part and reject in part the referee's report and for a judgment of foreclosure and sale. The defendants cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned based on the plaintiff's failure to take proceedings for the entry of judgment within one year after they defaulted in the action. The Supreme Court, inter alia, granted that branch of the defendants' cross motion. The plaintiff appeals. We affirm.
As set forth in CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause [*2]is shown why the complaint should not be dismissed. A motion by the defendant under this subdivision does not constitute an appearance in the action." "The policy behind CPLR 3215(c) is to prevent parties who have asserted claims from unreasonably delaying the termination of actions, and to avoid inquests on stale claims" (Giglio v NTIMP, Inc., 86 AD3d 301, 307).
Here, the defendants timely sought relief pursuant to CPLR 3215(c) (see CitiMortgage, Inc. v Goldstein, 187 AD3d 841, 843). Since the plaintiff failed to take proceedings to enter a default judgment against the defendants within one year of their default, and failed to proffer any excuse for such failure, the Supreme Court properly directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) (see US Bank N.A. v Kail, 189 AD3d 1652, 1654-1655; CitiMortgage, Inc. v Goldstein, 187 AD3d at 843-844).
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court