Deutsche Bank Natl. Trust Co. v Gonzalez (2023 NY Slip Op 00205)

Deutsche Bank Natl. Trust Co. v Gonzalez

2023 NY Slip Op 00205

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-00018
 (Index No. 23798/08)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Vilma A. Gonzalez, respondent, et al., defendants.

Duane Morris, LLP, New York, NY (Brett L. Messinger of counsel), for appellant.
Petroff Amshen, LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated September 18, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to vacate a conditional order of dismissal and to restore the action to the active calendar, for leave to enter a default judgment against the defendant Vilma A. Gonzalez, and for an order of reference, and denied, as academic, the cross motion of the defendant Vilma A. Gonzalez for leave to interpose an amended answer.
ORDERED that the appeal from so much of the order as denied, as academic, the cross motion of the defendant Vilma A. Gonzalez for leave to interpose an amended answer is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Vilma A. Gonzalez.
On or about August 18, 2008, the plaintiff commenced this action to foreclose a mortgage, alleging, among other things, that the defendant Vilma A. Gonzalez failed to make mortgage payments. In 2009, the Supreme Court granted the plaintiff's motion to serve Gonzalez by publication and its separate motion to appoint a guardian ad litem for Gonzalez.
In an order dated March 2, 2017, the Supreme Court found that "issue has not been joined and the plaintiff has failed to proceed to entry of judgment within one year of default" (see CPLR 3215[c]). The court directed dismissal of the complaint as abandoned unless the plaintiff proceeded to entry of judgment within 90 days of the date of the order. The plaintiff did not take any action within the 90 days.
More than two years later, on March 11, 2019, the plaintiff moved, inter alia, to vacate the order dated March 2, 2017, and to restore the action to the active calendar, for leave to enter a default judgment against Gonzalez, and for an order of reference. Gonzalez opposed the [*2]motion, and cross-moved for leave to interpose an amended answer. By order dated September 18, 2019, the Supreme Court, inter alia, denied those branches of the plaintiff's motion and denied Gonzalez's cross motion as academic. The plaintiff appeals.
Although the order dated March 2, 2017, does not specify CPLR 3215(c) as the basis for directing dismissal of the complaint, the language used in the order tracks CPLR 3215(c) by noting that issue had not been joined, and that plaintiff failed "to proceed" to entry of judgment within one year of default. The plaintiff does not challenge the Supreme Court's determination that "issue has not been joined." As such, the court's determination directing dismissal of the complaint was pursuant to CPLR 3215(c).
The plaintiff contends that the order dated March 2, 2017, should have been vacated because the plaintiff had, in fact, taken proceedings for the entry of judgment within one year of Gonzalez's default by moving for an order of reference in December 2009. In support of that contention, the plaintiff relies upon a copy of a letter dated January 4, 2013, from its former counsel, Rosicki, Rosicki & Associates, P.C., to the chambers of Justice Marsha L. Steinhardt purporting to withdraw an application for an order of reference that allegedly had been filed more than three years earlier, on December 30, 2009.
If a plaintiff fails to take proceedings for the entry of judgment within one year after a defendant's default, "the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]; see Federal Natl. Mtge. Assn. v Kresner, 200 AD3d 981, 983). "It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default," but "[r]ather, it is enough that the plaintiff timely takes the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference" (HSBC Mtge. Corp. v Hasan, 186 AD3d 1495, 1497 [citations and internal quotation marks omitted]; see Bank of N.Y. Mellon v Shterenberg, 153 AD3d 1310, 1311).
The "dismissal provisions of CPLR 3215(c) are not implicated in any action where the plaintiff takes proceedings for the entry of judgment within one year after a defendant's default," and "any delays occasioned in the prosecution of the action beyond that year are irrelevant to CPLR 3215(c)" (Citibank, N.A. v Kerszko, 203 AD3d 42, 49 [internal quotation marks and alterations omitted]). Where, as here, a plaintiff seeks to vacate an order directing dismissal of a complaint pursuant to CPLR 3215(c) by claiming that it had, in fact, taken proceedings within one year after a defendant's default, the plaintiff must submit competent evidence, such as copies of the prior timely application for a default judgment with proof of its filing (see Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d 619, 621), or a copy of a court order acknowledging the submission of a prior timely application for a default judgment (see Citibank, N.A. v Kerszko, 203 AD3d at 50-51).
Here, the plaintiff's self-serving letter to Justice Steinhardt, dated in 2013, seeking to withdraw an application for an order of reference allegedly filed in December 2009, was insufficient to show that the plaintiff actually moved for an order of reference in 2009. The plaintiff did not submit any documentation evincing that a 2009 order of reference had been filed, presented to a judge, or reviewed (see HSBC Mtge. Corp. v Hasan, 186 AD3d 1495, 1497-1498; cf. Citibank, N.A. v Kerszko, 203 AD3d at 51-52). The plaintiff did not submit a copy of the application for an order of reference allegedly filed with the Supreme Court, or a court order acknowledging that the application was submitted.
"The failure to timely take proceedings for the entry of judgment may only be excused upon the plaintiff's showing that it had a reasonable excuse for the delay and a potentially meritorious action" (Federal Natl. Mtge. Assn. v Kresner, 200 AD3d at 983). Here, the Supreme Court properly determined that the plaintiff failed to demonstrate a reasonable excuse for its delay (see id.).
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was to vacate the order dated March 2, 2017, and to restore the action to the active calendar.
In light of the foregoing, we need not reach the parties' remaining contentions.
BARROS, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court