Federal Natl. Mtge. Assn. v Marty (2023 NY Slip Op 04191)

Federal Natl. Mtge. Assn. v Marty

2023 NY Slip Op 04191

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2019-14645
 (Index No. 29369/13)

[*1]Federal National Mortgage Association, respondent,
v
Debbie Marty, et al., defendants; Miss Jones, LLC, nonparty-appellant.

Hasbani & Light, P.C., New York, NY (Danielle P. Light of counsel), for nonparty-appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Jane H. Torcia of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Miss Jones, LLC, as successor in interest to the defendant Mortgage Electronic Registration Systems, Inc., as nominee for Opteum Financial Services, LLC, appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated August 13, 2019. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, denied the cross-motion of nonparty Miss Jones, LLC, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant Mortgage Electronic Registration Systems, Inc., as nominee for Opteum Financial Services, LLC, as abandoned or, in the alternative, to toll the accrual of interest on the mortgage loan and for a hearing to determine the amount due to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and that branch of the cross-motion of nonparty Miss Jones, LLC, which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant Mortgage Electronic Registration Systems, Inc., as nominee for Opteum Financial Services, LLC, as abandoned is granted.
In November 2013, the plaintiff commenced this action to foreclose a mortgage against Debbie Marty (hereinafter the borrower) and Mortgage Electronic Registration Systems, Inc., as nominee for Opteum Financial Services, LLC (hereinafter Opteum), a subordinate lienholder, among others. The borrower interposed an answer. In an order dated December 12, 2017, the Supreme Court, inter alia, granted the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against the borrower, for leave to enter a default judgment against Opteum, and for an order of reference, and referred the matter to a referee to compute the amount due to the plaintiff.
On March 15, 2019, the plaintiff served a notice of computation. On March 21, 2019, [*2]the referee issued a report. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In May 2019, nonparty Miss Jones, LLC (hereinafter Miss Jones), a successor in interest to Opteum, filed a notice of appearance, opposed the plaintiff's motion, and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against Opteum as abandoned or, in the alternative, to toll the accrual of interest on the mortgage loan and for a hearing to determine the amount due to the plaintiff. In an order and judgment of foreclosure and sale dated August 13, 2019, the Supreme Court granted the plaintiff's motion, denied Miss Jones's cross-motion, confirmed the referee's report, and directed the sale of the subject property. Miss Jones appeals.
CPLR 3215(c) generally provides that if the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed (see CitiMortgage, Inc. v Goldstein, 187 AD3d 841, 842). A motion by a defendant to dismiss the complaint as abandoned pursuant to CPLR 3215(c) is untimely when it is made after the entry of a judgment of foreclosure and sale (see Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d 1305, 1308; CitiMortgage, Inc. v Goldstein, 187 AD3d at 842-843).
Here, contrary to the Supreme Court's determination, since Miss Jones's cross-motion, inter alia, pursuant to CPLR 3215(c) was made prior to the entry of the order and judgment of foreclosure and sale, that branch of the cross-motion was timely (see CitiMortgage, Inc. v Goldstein, 187 AD3d at 843). Furthermore, the court was not precluded from further consideration of the issue under the doctrine of law of the case (see id.). The order dated December 12, 2017, did not resolve on the merits whether the plaintiff abandoned the action pursuant to CPLR 3215(c) (see CitiMortgage, Inc. v Goldstein, 187 AD3d at 843). Additionally, the notice of appearance filed by Miss Jones simultaneously with its cross-motion did not constitute a waiver of the right to seek dismissal pursuant to CPLR 3215(c) (see JP Morgan Chase Bank, N.A. v Jacobowitz, 176 AD3d 1191, 1192; cf. Bank of Am., N.A. v Lichter, 192 AD3d 957, 957; OneWest Bank, FSB v Lara, 192 AD3d 695, 697; see generally Myers v Slutsky, 139 AD2d 709, 710).
Opteum, Miss Jones's predecessor in interest, defaulted by failing to answer the complaint within the requisite time after service was complete, which would have been in December 2013, and the matter was released from the mandatory settlement conference part in April 2015. The plaintiff offered no explanation for the delay in moving for leave to enter a default judgment against Opteum and for an order of reference until September 2017 other than stating that the plaintiff was "dealing" with the borrower's answer. Therefore, the plaintiff failed to demonstrate a reasonable excuse for its failure to timely seek a default judgment against Opteum (see CIT Group/Consumer Fin., Inc. v Kaiser, 206 AD3d 791, 792; US Bank, N.A. v Onuoha, 162 AD3d 1094, 1096). Since the plaintiff failed to set forth a reasonable excuse, we need not consider whether it demonstrated a potentially meritorious cause of action (see CIT Group/Consumer Fin., Inc. v Kaiser, 206 AD3d at 792-793).
Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and granted that branch of Miss Jones's cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against Opteum as abandoned.
Miss Jones's remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court