U.S. Bank N.A. v Relyea (2025 NY Slip Op 05839)

U.S. Bank N.A. v Relyea

2025 NY Slip Op 05839

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-10530
 (Index No. 2738/11)

[*1]U.S. Bank National Association, etc., appellant, 
v
Matthew Relyea, respondent, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Evan N. Soyer, Schulyer B. Kraus, and Sherry Xia of counsel), for appellant.
Corbally, Gartland and Rappleyea, LLP, Poughkeepsie, NY (Alexandra Downey Thomas and Colleen Van Anden of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Edward T. McLoughlin, J.), dated August 7, 2019. The order granted that branch of the motion of defendant Matthew Relyea which was, in effect, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
ORDERED that the order is affirmed, with costs.
In or about April 2011, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Matthew Relyea (hereinafter the defendant). Proof of service of process upon the defendant pursuant to CPLR 308(2) was filed on May 11, 2011. Thereafter, the defendant sent correspondence to the plaintiff's counsel in response to the complaint. In December 2018, the defendant moved, among other things, in effect, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The Supreme Court granted that branch of the motion. The plaintiff appeals.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a defendant's] default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 633). "Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764).
Contrary to the plaintiff's contention, the defendant did not waive his right to move pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. A defendant may waive the right to seek a dismissal pursuant to CPLR 3215(c) by serving an answer or taking any other steps which may be viewed as a formal or informal appearance (see Deutsche [*2]Bank Natl. Trust Co. v Garriques, 235 AD3d 620, 621; OneWest Bank, FSB v Villafana, 231 AD3d 845, 847; Deutsche Bank Trust Co. Ams. v Agostinelli, 230 AD3d 472, 474). Here, the defendant's correspondence to the plaintiff's counsel did not constitute either a formal or an informal appearance, as the defendant did not actively litigate the action before the Supreme Court or participate in the action on the merits (see US Bank N.A. v Kail, 189 AD3d 1652, 1654; HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 866-867). Accordingly, the defendant did not waive his right to move pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned (see Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 910).
Since the plaintiff failed to take proceedings for the entry of a judgment within one year after the defendant's default, the burden was upon the plaintiff to establish sufficient cause as to why the complaint should not be dismissed in this instance (see HSBC Mtge. Corp. v Hasan, 186 AD3d 1495, 1497-1498; Private Capital Group, LLC v Hosseinipour, 170 AD3d at 911). The plaintiff failed to sustain that burden.
Therefore, the Supreme Court properly granted that branch of the defendant's motion which was, in effect, pursuant to CPLR 3215(c) to dismiss the complaint.
The plaintiff's remaining contention is academic.
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court