Deutsche Bank Natl. Trust Co. v Marcelin (2026 NY Slip Op 00240)

Deutsche Bank Natl. Trust Co. v Marcelin

2026 NY Slip Op 00240

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-07317
 (Index No. 29750/08)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
vHansy Marcelin, respondent, et al., defendants.

Akerman LLP, New York, NY (Jordan M. Smith of counsel), for appellant.
Jonathan S. Koren, P.C., Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated May 4, 2023. The order denied the plaintiff's motion to vacate an order of the same court (Lawrence Knipel, J.) dated March 13, 2014, directing dismissal of the action pursuant to CPLR 3216, and to restore the action to the active calendar.
ORDERED that the order dated May 4, 2023, is affirmed, with costs.
In 2008, the plaintiff commenced this action against the defendant Hansy Marcelin (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Brooklyn. The defendant did not answer the complaint. In an order dated March 13, 2014 (hereinafter the 2014 order), the Supreme Court directed dismissal of the action pursuant to CPLR 3216 unless the plaintiff filed a note of issue or otherwise proceeded by motion for the entry of judgment within 90 days of the 2014 order. Nearly eight years later, the plaintiff moved to vacate the 2014 order and to restore the action to the active calendar. In an order dated May 4, 2023, the Supreme Court, upon determining that dismissal pursuant to CPLR 3216 was erroneous inasmuch as issue was never joined in the action (see U.S. Bank N.A. v Bassett, 137 AD3d 1109, 1110), denied the plaintiff's motion on the ground that dismissal of the action was proper pursuant to CPLR 3215(c). The plaintiff appeals.
"The court which rendered a judgment or order may relieve a party from it upon such terms as may be just" (id. § 5015[a]). In addition to the grounds set forth in section 5015(a), a court retains the common-law ability to grant relief from a judgment or order "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 226; Ladd v Stevenson, 112 NY 325, 332). "In exercising its discretion, the motion court should consider the facts of the particular case, the equities affecting each party and others affected by the judgment or order, and the grounds for the requested relief" (Nash v Port Auth. of N.Y. & N.J., 22 NY3d at 226 [internal quotation marks omitted]).
Here, the Supreme Court denied the plaintiff's motion to vacate the 2014 order on the ground that the action was otherwise subject to dismissal and, therefore, vacatur would not serve the interests of justice. CPLR 3215(c) provides, in relevant part, "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative . . . [*2]unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see Ocwen Loan Servicing, LLC v Buonauro, 233 AD3d 972, 974; U.S. Bank N.A. v Benitez, 211 AD3d 765, 766). Contrary to the plaintiff's contention, the court did not err by, sua sponte, raising the issue of CPLR 3215(c), as the statute expressly directs a court to dismiss the complaint "upon its own initiative" where the plaintiff has failed to take proceedings for the entry of judgment within one year after the default.
The plaintiff contends that it filed a request for judicial intervention seeking an ex parte application for an order of reference within one year after the defendant's default, which was sufficient to demonstrate that it took proceedings towards the entry of a default judgment (see Saxon Mtge. Servs., Inc. v Reynoso, 232 AD3d 642, 644; U.S. Bank N.A. v Logan Estates, LLC, 213 AD3d 792, 794; Deutsche Bank Natl. Trust Co. v Kenol, 205 AD3d 1004, 1005-1006; Federal Natl. Mtge. Assn. v Edmund-Henry, 188 AD3d 652, 653). The record, however, fails to support the plaintiff's contention that it sought an order of reference within the relevant time period, as there is no indication of when the plaintiff's motion, which was denied several years after the relevant time period had expired, was filed with the court (see Deutsche Bank Natl. Trust Co. v Gonzalez, 212 AD3d 710, 713; HSBC Mtge. Corp. v Hasan, 186 AD3d 1495, 1497-1498). Moreover, the plaintiff's request for judicial intervention, which was filed within the relevant time period, failed to indicate that any such relief was being requested at that time (cf. Saxon Mtge. Servs., Inc. v Reynoso, 232 AD3d at 644; Federal Natl. Mtge. Assn. v Edmund-Henry, 188 AD3d at 653).
Under these circumstances, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion to vacate the 2014 order and to restore the action to the active calendar.
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court